IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILY ELIZABETHANN CARRUTH, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:26-CV-0741-K-BT |
| v. | § § | |
| COMMUNITIES FOUNDATION OF TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Emily Carruth and Christopher Warren Russell, appearing *pro se*, filed an "Emergency Supplemental Motion for Temporary Restraining Order and Injunctive Relief" (the "Supplemental Motion") (Doc. No. 7). For the following reasons, Plaintiffs' supplemental motion for a TRO –their second motion for a TRO in this action—is **DENIED**.

In their Supplemental Motion, Plaintiffs contend that Emily Carruth ("Carruth") is the sole fiduciary and beneficiary of the W.W. Caruth Jr. Foundation (the "Foundation"). Doc. No. 7 at 1. Plaintiffs claim that unspecified actors retaliated against Carruth after she "disclosed evidence of alleged trust fraud" by initiating criminal proceedings against her in Tarrant County and freezing the Foundation's accounts at Defendant Bank of America N.A., resulting in a "starve out" that impedes Carruth's ability to meet basic needs. *Id.* Plaintiffs move the Court to, among other

things, enjoin the state criminal proceedings, which they claim will interfere with this Court's ability to decide the "federal estate audit and related federal issues" in their complaint. *Id.* at 2.

Temporary restraining orders are "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. Here, Plaintiffs appear to seek an *ex parte* TRO, but they have not satisfied Rule 65(b)(1), which provides that a Court can issue an *ex parte* TRO without notice to the adverse party or its attorneys only if:

> (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage, will result to the movant before the adverse party can be heard in opposition; and
>
> (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)-(B). Plaintiffs have not provided an affidavit or verified complaint showing irreparable injury before Defendants can be heard. And while Plaintiffs claim that Defendants were served with their supplemental motion for a TRO through the ECF system (Doc. No. 7 at 3), Defendants have not appeared in this case and, therefore, would not receive notice of Plaintiffs' filings via the ECF system.

Additionally, Plaintiffs fail to show that a TRO is warranted on the merits. For a district court to grant a TRO, Plaintiffs must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that the movant will suffer irreparable injury if the request is denied, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not

disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014); *see Lee v. Verizon Commc'ns Inc.*, Civ. Action No. 3:12–CV–4834–D, 2012 WL 6089041, at *1 n.2 (N.D. Tex. Dec. 7, 2012) (Fitzwater, C.J.) (explaining that a temporary restraining order is "simply a highly accelerated and temporary form of preliminary injunctive relief," thus the movant must establish the same four elements for obtaining a preliminary injunction.).

Here, Plaintiffs' Supplemental Motion fails to satisfy all four requirements. Plaintiffs appear to raise claims for "obstruction of federal fiduciary authority," retaliatory state action, and civil rights violations. Doc. No. 8 at 6. Because Plaintiffs fail to show a likelihood of success on the merits of any of these claims, they are not entitled to a TRO. *Walgreen Co. v. Hood*, 275 F.3d 475, 477 (5th Cir. 2001) (explaining that because the plaintiff failed to demonstrate the first element, there was no need for the court to "reach the other three criteria for granting a preliminary injunction."); *see Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (emphasizing that injunctive relief should not be granted unless the movant "clearly carried the burden of persuasion" on all four elements for obtaining a preliminary injunction.).

Further, to the extent Plaintiffs seek to enjoin ongoing state criminal proceedings, federal courts generally do not interfere with ongoing state criminal prosecutions, which is an additional reason to deny Plaintiffs' requested relief. *Younger v. Harris*, 401 U.S. 37, 46 (1971).

For these reasons, the Court **DENIES** Plaintiffs' supplemental motion for a TRO

(Doc. No. 7).

**SO ORDERED.**

Signed March 25th, 2026.

ED KINKEADE
UNITED STATES DISTRICT JUDGE