IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILY ELIZABETHANN CARRUTH, *et al.*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:26-cv-0741-K (BT) |
| COMMUNITIES FOUNDATION OF TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiffs Emily Elizabethann Carruth and Christopher Warren Russell filed a complaint related to Carruth's alleged status as a "federally verified fiduciary" for the W.W. Caruth Jr. Foundation, a public charity. *See* Complaint at 6 (ECF No. 8). Plaintiffs appear to allege that Carruth is a fiduciary for the Foundation because the IRS sent her a letter that disclosed the Foundation's employer identification number. *Id.* at 6, 9. Plaintiffs claim that Bank of America is obstructing Carruth's "federal fiduciary authority" to conduct a "required federal audit." *Id.* at 6. Plaintiffs allege that Communities Foundation of Texas (CFT)—a Texas-based public charity—and the Holland & Knight law firm retaliated against them after they reported financial irregularities and self-dealing to federal

authorities. *Id.* Plaintiffs contend that all Defendants violated their constitutional rights by blocking their access to "legitimate fiduciary and personal resources."[1] *Id.*

For the following reasons, however, Plaintiffs fail to establish subject matter jurisdiction over their claims. The District Judge should sua sponte dismiss this case without prejudice.

## Legal Standards

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action."

---

[1] Plaintiffs also filed two motions for preliminary injunctive relief, both of which were denied. Ord. Denying TRO (ECF No. 5); Ord. Denying Supp. TRO (ECF No. 16).

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must

exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship,* 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the

contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga, 871 F.3d at 384 n.4*; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)* (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

### Analysis

Plaintiffs claim that "[t]his action arises under the laws of the United States and the U.S. Constitution." Compl. at 8. But even construing Plaintiffs' pleadings liberally, they fail to establish federal question jurisdiction. Plaintiffs list three causes of action: (1) "obstruction of federal fiduciary authority," (2) "retaliatory state-action and whistleblower interference," and (3) civil rights violations. Compl. at 6.  None of these causes of action establish federal question jurisdiction on the facts provided.

As for the first claim, "obstruction of federal fiduciary authority," Plaintiffs fail to allege that any federal statute or other law created the fiduciary authority that Bank of America allegedly obstructed. Indeed, Plaintiffs left blank a portion of the Complaint requiring them to "[l]ist the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Compl. at 8. Plaintiffs' failure to establish that federal law creates their obstruction-of-fiduciary-duty authority claim is especially problematic because generally, state

law creates fiduciary duty claims. *See, e.g.*, *Staggers v. Public Def. of Indiana,* 2024 WL 1471113, at *1 (S.D. Ind. Mar. 1, 2024) (finding that breach of fiduciary duty claim did not establish federal question jurisdiction where it was not "tied to a federal statute"); *Slingbaum v. M&T Bank Corp.,* 2018 WL 7954879, at *3 (W.D.N.Y. May 4, 2018) ("Federal question jurisdiction is lacking here because the gist of plaintiffs' complaint is that defendants breached their fiduciary duties to plaintiffs, and fiduciary duty claims generally arise under state law, not federal law."), *rec. accepted* 2019 WL 1507322 (W.D.N.Y. Apr. 6, 2019); *Woodly v. Baltimore Gas & Elec.,* 743 F. Supp. 3d 689, 693 (D. Md. 2024) (noting that "although individual federal statutes create fiduciary duties under certain circumstances," general breach of fiduciary duty claims are ordinarily creatures of state law); *see also Razo v. El Paso City Employees' Pension Fund,* 2010 WL 11506971, at *3 (W.D. Tex. June 2, 2010) (noting that breach of fiduciary duty claim arises "under the common law of the State of Texas and [is] not clearly founded directly upon federal law").

Nor do Plaintiffs establish that their obstruction-of-fiduciary-authority claim would require resolution of a substantial question of federal law. *See Howery,* 243 F.3d at 916. This claim presents no substantial federal question. It instead stems from an unfounded assertion that Carruth is a "federal" fiduciary for the Caruth Foundation because the IRS sent her a letter that disclosed the Caruth Foundation's employer identification number. *See* Compl. at 9.

Thus, because Plaintiffs fail to allege that federal law creates their obstruction-of-fiduciary-authority claim or that their right to relief on this claim "necessarily depends on resolution of a substantial question of federal law," it does not establish federal question jurisdiction. *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd.*, 463 U.S. at 27).

Next, Plaintiffs allege that Holland & Knight and CFT retaliated against them for reporting financial irregularities and self-dealing to federal authorities. Plaintiffs allege that these defendants helped initiate criminal proceedings against them to obstruct an "active federal audit of foundation assets." Again, though, Plaintiffs plead no federal law that creates this cause of action, and, even giving their Complaint a most liberal construction, none is apparent to the Court. Nor is it apparent that this claim "necessarily depends on resolution of a substantial question of federal law." *Singh*, 538 F.3d at 337-38.

Finally, Plaintiffs claim that Defendants violated their rights under the Fourth and Fourteenth Amendments to the Constitution. Compl. at 6. But Plaintiffs allege no facts showing that Holland & Knight, CFA, and Bank of America are state actors or that their conduct should be attributable to the state.[2] There is

---

[2] Plaintiffs also named the Tarrant County Criminal Court No. 2 as a defendant. But a frivolous claim against a nonjural entity does not establish federal jurisdiction. *See*, *e.g.*, *In re KSRP, Ltd.*, 809 F.3d 263, 267 (5th Cir. 2015) (noting that a claim that invokes federal jurisdiction may be dismissed for lack of subject matter jurisdiction when it is "wholly insubstantial and frivolous") (cleaned up); *Marshall v. Abbott*, 2022 WL 671009, at *4 (E.D. Tex. Feb. 4, 2022) ("Federal courts in Texas have uniformly held that courts are nonjural entities that are not subject to suit."), *rec. accepted* 2022 WL 659159 (E.D. Tex. Mar. 4, 2022).

no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors. *See*

*Lavergne v. Sanford*, 570 F. App'x 385, 386 (5th Cir. 2014) (per curiam) ("There

is no federal jurisdiction under 42 U.S.C. § 1983 against non-state actors."); *Drake*

*v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) (per curiam)

(determining § 1983 was inapplicable to defendant who was not a state actor, such

that the court lacked subject matter jurisdiction over the claim against him).

Plaintiffs do not allege diversity jurisdiction, and there is no basis to find

such jurisdiction from their Complaint. There is no sign that complete diversity

exists among the parties or that the amount in controversy exceeds $75,000

exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his

complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th

Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has

already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by

Plaintiffs show a lack of subject matter jurisdiction in this Court that does not

appear to be curable by amendment. But the 14-day statutory objection period

(explained below) will allow Plaintiffs the chance to proffer facts, if any, that can

cure the jurisdictional deficiencies noted above.

### Recommendation

The Court should dismiss Plaintiffs' case without prejudice for lack of subject

matter jurisdiction.

SO RECOMMENDED March 27, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

9