IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILY ELIZABETHANN CARRUTH, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:26-cv-0741-K (BT) |
| COMMUNITIES FOUNDATION OF TEXAS, INC., *et al.*, | § § § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

As explained in the Magistrate Judge's FCR, Plaintiffs fail to establish this Court's subject matter jurisdiction. Nothing that they filed in response to the FCR (ECF Nos. 18, 20) shows that this Court has subject matter jurisdiction. In a purported "verified original petition and application for emergency injunctive relief" filed after the FCR, Plaintiffs claim that federal question jurisdiction exists because of alleged "federal fiduciary duties," "tax authority recognition under Internal Revenue Code provisions," and constitutional protections against deprivation of property without due

1

process. ECF No. 18 at 1. But as explained in the FCR, Plaintiffs have not identified any federal law creating their federal fiduciary duty claims. *See* ECF No. 17 at 5-6. They cite to 26 U.S.C. § 6903, which allows a person to notify the Internal Revenue Service (IRS) that he or she is acting in a fiduciary capacity for another and to assume the powers, rights, and duties, and privileges of that person with respect to a tax imposed by the Internal Revenue Code. ECF No. 20 at 12. But this provision does not, by its own terms, create a federal cause of action; it is a means of notifying the IRS of already-existing fiduciary authority. Indeed, "[c]ourts have regularly concluded that various provisions of the vast IRC do not create private rights of action." *Ingram v. Green & Cooper, Attorneys L.L.P.*, 2012 WL 1884598, at *5 (N.D. Ga. Apr. 20, 2012) (collecting cases), *rec. accepted* 2012 WL 1884594 (N.D. Ga. May 21, 2012).

As for the claim that Plaintiffs were deprived of property without due process of law, as explained in the FCR, Plaintiffs fail to attribute this to any state actor or state action, so there is no federal question jurisdiction. *See* ECF No. 17 at 7-8.

Finally, if Plaintiffs argue that jurisdiction exists under the Declaratory Judgment Act (ECF No. 20 at 12), this is incorrect because the Declaratory Judgment Act does not confer subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

By separate judgment, Plaintiffs' case will be dismissed without prejudice for lack of subject matter jurisdiction. All pending motions are denied as moot.

SO ORDERED.

Signed April 13th, 2026.


_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE